```
┌─────────────────────────┐
│     THIS OPINION        │
│ IS A PRECEDENT OF THE   │
│        T.T.A.B.         │
└─────────────────────────┘
```

Mailed:
August 17, 2009
jtw

**UNITED STATES PATENT AND TRADEMARK OFFICE**
_____

**Trademark Trial and Appeal Board**
_____

In re Pharmavite LLC
_____

Serial No. 77333250
_____

Daniel J. Russell of Blakely Sokoloff Taylor & Zafman for
Pharmavite LLC.

Dannean J. Hetzel, Trademark Examining Attorney, Law Office
106 (Mary I. Sparrow, Managing Attorney).
_____

Before Seeherman, Walsh and Bergsman, Administrative
Trademark Judges.

Opinion by Walsh, Administrative Trademark Judge:

Pharmavite LLC (applicant) has applied to register the

alleged mark shown below on the Principal Register for

goods identified as "dietary supplements" in International

Class 5.[1]  The application describes the alleged mark as

follows, "The mark consists of a design showing two

---

[1] Application Serial No. 77333250, filed November 19, 2007,
asserting first use of the mark anywhere and first use of the
mark in commerce on July 19, 2007.

bottles."  The application also states, "Color is not claimed as a feature of the mark."



The Examining Attorney has refused registration on the grounds that the alleged mark shown in the drawing is not a substantially exact representation of the mark as used in the specimen, citing Trademark Rule 2.51(a), 37 C.F.R. § 2.51(a).[2]  The specimen appears below:



---

[2] In the first Office action, the Examining Attorney had also refused registration on the grounds that the subject matter in the drawing did not function as a mark.  That refusal is not before us in this appeal because the Examining Attorney withdrew that refusal in the final Office action.

For convenience, we also show below the particular panel of the specimen where the Two Bottles Design appears:



We affirm.

To avoid any confusion, we begin by noting that the alleged mark applicant seeks to register is a two-dimensional representation of the outline of two bottles as they appear on the packaging shown here, and not the three-dimensional shape of the bottles themselves.

The Examining Attorney argues as follows:

> Applicant's drawing of record consists of two stylized pill bottles with one bottle slightly overlapping the second bottle. The drawing only consists of these plain bottles with no additional wording. The specimen of record consists of packaging for the identified goods. On the specimen, the two stylized pill bottles from the drawing appear; however additional wording appears on these bottles. On the bottle on the left, the wording NATURE MADE with a

3

     design and RX ESSENTIALS appears. On the bottle on the right, the wording RX appears.

        The mark as it appears on the drawing page does not substantially match the mark as it appears on the specimen of record because the wording is physically connected to the bottles. This wording encompasses a large physical space on the bottles and is centered on the bottles, thus becoming an integral element of the mark as displayed on the specimen. It would be impossible to remove this wording from the stylized bottles without altering the physical appearance of the mark as shown in the drawing. In other words, removing this wording would alter the commercial impression of the mark and is therefore a mutilation of the drawing.

Examining Attorney's Brief at 2.

The Examining Attorney argues further, "… applicant's suggestive design is unlikely to make a distinct and separate commercial impression without the wording included on applicant's specimen." *Id.* at 3.

On the other hand, applicant argues:

        Applicant contends that its Two Bottle Design mark as shown in the specimen contains the essential and integral subject matter of the mark as shown in the drawing. There is nothing missing from Applicant's distinctive Two Bottle Design mark as shown on the drawing. Rather, it is a complete representation of the mark as shown on the specimens as no "essential or integral subject matter" is missing from the mark as shown on the drawing (citation omitted). … The removal of the additional matter from the Two Bottle Design mark does not disturb any aspect of the Two Bottle Design mark itself. In fact, the additional elements on the specimen may be "peeled off" Applicant's Two Bottle Design mark without altering the distinctive appearance or impression created by the design mark. Applicant

4

contends that the absence of the additional
elements in the drawing is not a mutilation, as
it does not result in registering less than the
entire mark for which registration is sought.

Applicant's Brief at 3-4.

Applicant argues further that its Two Bottle Design is not a common geometric shape, and that, "… Applicant's mark may be visible at a distance, whereas the additional matter may be difficult or even impossible to read from a distance." *Id*. at 5.

Trademark Rule 2.51(a) states, "In an application under section 1(a) of the Act, the drawing of the mark must be a substantially exact representation of the mark as used on or in connection with the goods and/or services." The specimen is the point of reference in determining whether the alleged mark shown in the drawing agrees with the mark in use. *In re Software Publishers Assoc.,* 69 USPQ2d 2009, 2014 (TTAB 2003).

The Court of Appeals for the Federal Circuit, our primary reviewing court, characterizes the issue before us as follows:

… the background portion is registrable only if
it "performs a trademark function in and of
itself." As Professor McCarthy states, "It all
boils down to a judgment as to whether that
designation for which registration is sought
comprises a separate and distinct 'trademark' in
and of itself." 1 J.T. McCarthy, *Trademarks and
Unfair Competition* 909 (2d ed. 1984). In order

5

> to obtain registration of a part of the background portion of a mark, the applicant therefore must show that the portion sought to be registered creates a separate and distinct commercial impression, which thereby performs the trademark function of identifying the source of the merchandise to the customers.

*In re Chemical Dynamics Inc.*, 839 F.2d 1569, 5 USPQ2d 1828, 1829 (Fed. Cir. 1988).

Furthermore, as the Board noted in an earlier case, the determinations in these cases are somewhat subjective. *In re Boyd Coffee Co.*, 25 USPQ2d 2052, 2053 (TTAB 1993). The circumstances vary widely. In the end, we must decide each case on the unique facts of the particular case.

Applicant and the Examining Attorney have discussed at some length cases which address whether or not the subject matter shown in the drawing is so physically connected to other subject matter with which it appears in the specimen that the subject matter shown in the drawing cannot be registered separately. *See, e.g., In re Miller Sports Inc.*, 51 USPQ2d 1059, 1061 (TTAB 1999); *In re Boyd Coffee Co.*, 25 USPQ2d at 2053; *In re Speroulias*, 227 USPQ 166 (TTAB 1985). The facts in those cases do not correspond to those before us in this case. The essential issue here is whether the alleged mark in applicant's drawing creates a distinct commercial impression separate and apart from the words and designs appearing on the bottles, not whether

6

various elements can be separated in any physical sense. Consequently, we do not find these cases particularly helpful in this case.

Furthermore, although they may seem superficially similar, the cases where an applicant is trying to register a background design apart from wording with which the background is used are not helpful here either. See, e.g., *Jimlar Corp. v. Army and Air Force Exchange Service*, 24 USPQ2d 1216 (TTAB 1992); *In re Volante International Holdings*, 196 USPQ 188 (TTAB 1977); *In re The Library Restaurant, Inc.*, 194 USPQ 446 (TTAB 1977); and *Permatex Company, Inc. v. California Tube Products, Inc.*, 175 USPQ 764 (TTAB 1972). The alleged mark in applicant's drawing is not a background design in the usual sense.

In this case applicant seeks to register an outline of two bottles which overlap. The specimen appears to be a box which applicant uses as packaging for its bottles of dietary supplements. The box does show two bottles. Applicant acknowledges that the bottle on the left displays "Applicant's well-known registered and common law marks NATURE MADE and Design (Reg. No. 3520080) and RX ESSENTIALS (Reg. No. 3434075)," and that the bottle on the right displays "the common RX symbol." Applicant's Brief at 7. The bottle on the left with applicant's word and design

7

marks is in the shape of a "generic" dietary supplement bottle.  The bottle on the right, with the RX symbol, is in the shape of a "generic" prescription medication bottle.

The commercial impression the Two Bottle Design, as shown on the specimen, projects is that of applicant's own bottle for its dietary supplements with its registered word and design marks and of a prescription bottle, identified by the RX symbol.  The Two Bottle Design mark shown in the specimen may suggest some, presumably positive, association between applicant's dietary supplements and prescription medications.[3]

Strictly speaking, the simple outline of the two bottles shown in the drawing, that is, without the NATURE MADE and RX ESSENTIALS marks and without the RX symbol, is not present in the specimen.  More importantly, we find no basis to conclude that relevant purchasers would, in any sense, perceive the "mark" as shown in the drawing, the mere outlines of bottles, in the mark shown in the specimen.

We reject applicant's argument that difficulty in reading or seeing the word and design marks and the RX

---

[3] The packaging panel where the Two Bottle Design appears includes the following additional text:  "DAILY SUPPLEMENT* TAILORED TO YOUR PRESCRIPTION"; "TAKE WITH: Nexium®, Prevacid®, Prilosec®"; and "Provides Essential Nutrients for People Taking HEARTBURN & ACID REFLUX Medications."

symbol on the bottles from certain distances is even relevant here.  We conclude that these indicia, applicant's word and design marks and the RX symbol, are sufficiently apparent that potential purchasers will see them.  More importantly, we conclude that potential purchasers will not only see these elements but that they will perceive them as the defining essence of the Two Bottle Design.  That is, applicant's word and design marks and the RX symbol are essential to the commercial impression of the Two Bottle Design.  Therefore, on this record, we conclude that the outline of the two generic bottle shapes shown in the drawing does not create a separate and distinct commercial impression.  *In re Boyd Coffee Co.*, 25 USPQ2d at 2053.

In this regard, applicant states in its brief, "Applicant contends that its consistent usage of its Two Bottle Design mark in connection with various supplement products has encouraged and conditioned consumers to view the mark as a distinct and separate mark apart from any other elements superimposed thereon."  *Id.*  In the *Chemical Dynamics* case, the Federal Circuit addressed a similar situation:

> The vice president's conclusory statement was insufficient to establish that the dropper and droplet created a distinct commercial impression. …  The declaration does not state the factual basis, if any, for the declarant's belief that

> the dropper and droplet design "has become distinctive." There are no facts from which it could be inferred that customers or the trade generally so view that separate portion of the background design. Although the vice president refers to the "substantially exclusive and continuous use" of the dropper and droplet as a mark for five years, he does not state that the dropper and droplet were so used separately rather than as part of the entire background or the broad mark consisting of the background and the words "7 DROPS."

*In re Chemical Dynamics Inc.*, 5 USPQ2d at 1830. Here too, we have only conclusory statements, an allegation of use in commerce for less than two years and no evidence to support applicant's contention that potential purchasers perceive the alleged mark shown in the drawing as a distinct mark.

Lastly, applicant has argued that the Examining Attorney's withdrawal of a previously raised refusal that the alleged mark shown in applicant's drawing did not function as a mark dictates the conclusion that the alleged mark in the drawing is distinctive and registrable. The Federal Circuit's analysis in *Chemical Dynamics* requires that we reject this facile argument. The questions as to whether the subject matter applicant depicts in its drawing creates a separate and distinct commercial impression and whether it is registrable remain in spite of the withdrawal of the additional ground for refusal.

In sum, we conclude that the Two Bottle Design shown in applicant's drawing does not create a separate and distinct commercial impression apart from the mark shown in applicant's specimen.  On that basis we conclude further that the alleged mark in the drawing is not a substantially exact representation of the mark as shown in applicant's specimen.

**Decision**:  We affirm the refusal on the grounds that the mark shown in the drawing is not a substantially exact representation of the mark as used in the specimen as required by Trademark Rule 2.51(a).